UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

IAN RALPH BLACKSTOCK,      :
                           :
        Petitioner         :    No. 4:CV-11-0791
                           :
    vs.                    :    (Petition Filed 04/25/11)
                           :
H.L. HUFFORD,              :    (Judge Muir)
                           :
        Respondent         :

**MEMORANDUM AND ORDER**

June 20, 2011

Petitioner, Ian Ralph Blackstock, an inmate currently confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court will transfer the instant petition for writ of habeas corpus to the United States District Court for the Eastern District of Virginia.

**Procedural Background**

On December 2, 1993, petitioner entered a plea of guilty in the United States District Court for the Eastern District of Virginia, to two counts of using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C.

§ 924(c)(1) (Doc. 1, petition). He was sentenced to an aggregate term of 25 years imprisonment. Id. No direct appeal of his conviction was filed. Id.

On May 10, 2001, Blackstock filed with the sentencing court a document entitled "motion for an order to produce books, papers, documents, tangible objects." (Doc. 2, Memorandum of Law in support of petition). By Order dated June 4, 2001, the sentencing court construed this motion as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and denied the petitioner's § 2255 motion. Id.

On June 18, 2001, petitioner filed a motion for reconsideration of the sentencing court's Order dated June 4, 2001. Id. By Order dated July 3, 2001, petitioner's motion for reconsideration was denied. Id.

On September 7, 2005, petitioner filed a Rule 60(b) motion, seeking that the Court set aside the 2001 ruling for improperly converting his motion. Id. Along with his Rule 60(b) motion, petitioner filed a § 2255 motion. Id.

By Order dated October 7, 2005, the District Court denied the Rule 60(b) motion and dismissed the § 2255 motion as

successive. Id. A timely certificate of appealability from the denial of the Rule 60(b) motion was filed. Id.

On January 9, 2008, the United States Court of Appeals for the Fourth Circuit reversed the dismissal and remanded the case pursuant to United States v. Castro. See United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008) (citing United States v. Castro, 540 U.S. 375 (2003) (holding that if the district court fails to give notice regarding the consequences of re-characterization of a motion "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions.")).

On remand, the district court found the section 2255 motion untimely but opined that Blackstock had a potentially valid argument that his convictions are invalid because they are based on facts that do not constitute a crime in light of the Supreme Court's subsequent decision in Watson v. United States, 552 U.S. 74 (2007). (Doc. 2, Memorandum of Law in support of petition). The district court declined to address the merits of a "theoretical § 2241 habeas petition that petitioner may file at some point in the future" because the issue before the court was Blackstock's section 2255 motion. Id. A timely certificate of

appealability was filed from the denial of the Section 2255 motion. Id.

On December 20, 2010, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the District Court denying the § 2255 motion. Id.

On April 25, 2011, Blackstock filed the instant section 2241 petition challenging his sentence pursuant to Watson, supra.

On May 26, 2011, respondent filed a response to the petition, requesting that the Court transfer the petition to the sentencing court in the Eastern District of Virginia. (Doc. 6, response). For the reasons that follow, the Court will grant the respondent's request to transfer.

**DISCUSSION**

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, see also § 2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the **immediate** custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v.

4

Padilla, 524 U.S. 426, 443 (2004)(emphasis in original)(citations omitted). There is no question that under the immediate-custodian rule set forth in Rumsfeld, this Court has jurisdiction over Blackstock's petition. However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); See also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484 (1973).

In the instant case, there are certainly sound reasons for transferring the 2241 petition to the district of conviction and sentencing. The record is there, and most probably any necessary witnesses. Additionally, that court may have greater flexibility in shaping any new sentence. In re Nwanze, 242 F.3d 521, 527 (3d Cir.2001); see also United States v. Mata, 133 F.3d 200, 201-02 (2d Cir.1998). Moreover, the sentencing court would also have "superior familiarity with the underlying conviction and sentence," Short v. Schultz, No. 08-186, 2008 WL 305594, at *3 (D.N.J. Jan.28, 2008).

5

While section 1404(a) authorizes transfer only to a district where the petition "might have been brought," and a section 2241 petitioner challenging his present physical custody is governed by the territorial-jurisdictional rule which requires that the petition be filed "in the district of confinement", see Rumsfeld, supra, this Court finds that the government's request to transfer the petition to the sentencing court acts as a waiver of the territorial-jurisdiction rule.

Before Rumsfeld was decided, the territorial-jurisdiction rule led the Third Circuit to seriously doubt that a section 2241 petition could be transferred to the district of sentencing since the petition could not "have been brought" in that district when it had to have been filed in the district of confinement. In re Nwanze, 242 F.3d at 525-26. Consequently, in In re Nwanze the court allowed such a transfer only when it was plausible that the petitioner's claims could be entertained in the district of sentencing in some other way. Id. at 526. In that case, the Third Circuit was satisfied that the district of

sentencing (located in the Fourth Circuit) would entertain the claims by way of a petition for a writ of error coram nobis. Id.[1]

However, in Rumsfeld, Justice Kennedy filed a concurring opinion (joined by Justice O'Connor) in which he stated his view that "the proper location of a habeas petition [was] best understood as a question of personal jurisdiction or venue." 542 U.S. at 451. As a venue rule, the territorial-jurisdiction rule could be waived by the government. Id. at 452.[2]

Based on Justice Kennedy's concurring opinion, lower courts have ruled that the government can waive the immediate-custodian and territorial-jurisdiction rules. See Gooden v. Gonzales, 162 Fed. Appx. 28, 29 (2d Cir.2005) ("the government does not

---

1. But in the event the sentencing court denied the petition on jurisdictional grounds, the court of appeals allowed the petitioner to again seek relief in the district of confinement. 242 F.3d at 527.

2. Justice Kennedy cited Moore v. Olson, 368 F.3d 757, 759-60 (7th Cir.2004), where the Seventh Circuit likened the immediate-custodian rule to a personal-jurisdiction rule and the territorial jurisdiction rule to a venue rule. Petitioner has named his immediate custodian as the respondent, but having to do so raises issues of personal jurisdiction over the custodian when considering a transfer of the petition from the district of confinement to the district of sentencing.

7

contend in this appeal that the Attorney General is an improper respondent, or that the Eastern District of New York is an improper venue for this suit, and as such, those arguments have been waived," citing Justice Kennedy's concurrence); see also McKenzie v. INS, No. 04-1001, 2005 WL 452371, at *3 (E.D.Pa. Feb.23, 2005) (observing that an immigrant's habeas petition should have been filed against his immediate custodian, the warden of the York County Prison, and in the Middle District of Pennsylvania, which had territorial jurisdiction, but considering the merits of the petition because under Justice Kennedy's Rumsfeld concurrence, the government did not raise those issues and thus waived them).

Closer to the facts of this case, it has been recognized that the district of sentencing can adjudicate a section 2241 petition presenting a Watson claim when the government does not object either on personal-jurisdiction or venue grounds. See Cox v. Holt, No. 1:08-cv-2268 (M.D. Pa. 2009) (Caldwell, J.) (transferring a Watson claim to the sentencing court without prejudice to Cox reinstating the action in the present district or file a new petition in any district of confinement) (citing Short v. Shultz, No. 08-57, 2008 WL 1984262, at *3 (W.D.Va. May

8

6, 2008), aff'd on other grounds, 298 Fed. Appx. 246 (4th Cir.2008), cert. denied, --- U.S. ----, 129 S.Ct. 1376, 173 L.Ed.2d 631 (2009)).[3] In these circumstances, courts have also considered a government motion to transfer to the district of sentencing as a waiver of personal-jurisdiction or territorial-jurisdiction objections. Ulloa v. Ledezma, No. 08-864, 2009 WL 2351710, at *4 n. 3 (W.D.Okla. July 28, 2009).

The Court treats respondent's request to transfer this petition to the sentencing court as a waiver of the territorial-jurisdiction rule. As such, the Court will grant the request as the convenience of the parties and the other factors mentioned above favor a transfer to the sentencing court. However, in line with In re Nwanze, supra, 242 F.3d at 527, transfer will be without prejudice to petitioner's reinstating the action in this court, or filing a new petition

---

3. Short had been transferred to the District of West Virginia, the district of sentencing, by the District of New Jersey, the district of confinement, after the latter court concluded in line with In re Nwanze, supra, 242 F.3d 521, that Fourth Circuit law authorized the District of West Virginia to entertain the petition as one for coram nobis relief. Short v. Shultz, No. 08-186, 2008 WL 305594, at * 2-3 (D.N.J. Jan.28, 2008).

in any new district of confinement, if the sentencing court denies or dismisses the petition for lack of jurisdiction. An appropriate Order accompanies this Memorandum Opinion.


Dated: June 20, 2011        s/Malcolm Muir
                            MUIR
                            United States District Judge

```
          UNITED STATES DISTRICT COURT FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA
```

IAN RALPH BLACKSTOCK,            :
                                 :
     Petitioner           :     No. 4:CV-11-0791
                                 :
  vs.                           :     (Petition Filed 04/25/11)
                                 :
H.L. HUFFORD,                    :     (Judge Muir)
                                 :
     Respondent           :

## ORDER

June 20, 2011

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to 28 U.S.C. § 1404(a), the Clerk of Court shall **TRANSFER** this 28 U.S.C. § 2241 petition to the United States District Court for the Eastern District Virginia.

2. Transfer is **WITHOUT PREJUDICE** to petitioner reinstating the action in this court, or filing a new petition in any new district of confinement, if the sentencing court denies or dismisses the petition for lack of jurisdiction

3. The Clerk of Court is directed to **CLOSE** this case.


                        s/Malcolm Muir
                        MUIR
                        United States District Judge